# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RESORBA MEDICAL GmbH,<br><br>Plaintiff,<br><br>v.<br><br>ORGANOGENESIS, INC.,<br><br>Defendant. | Case No. 1:16-cv-12173-GAO<br><br>U.S. District Judge George A. O'Toole, Jr. |

## STIPULATED PROTECTIVE ORDER

The Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. **Findings**: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. **Definitions**:

a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality.

c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality.

d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3. <u>Designation of information as Confidential or Highly Confidential</u>:

a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked or otherwise designated as Confidential or Highly Confidential before providing them to the recipient.

c. A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential

or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

d.  A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e.  In the event a person formerly employed by a party produces documents in this case, the party that formerly employed such person shall be authorized to designate such documents as Confidential or Highly Confidential as the party sees fit, regardless of whether such former employee designated such documents under this Order, and the party's designation shall govern.

f.  A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case. Such written notification shall constitute withdrawal of the designation and the person need not seek modification of the Protective Order from the Court. For example, a person need not seek modification of the Protective Order from the Court to withdraw a designation for purposes of appeal or compliance with Federal Circuit Rule 11.

g.  If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the party challenging the confidentiality designation may file and serve a motion that

identifies the challenged material and sets forth in detail the basis for the challenge. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential or Highly Confidential information</u>:

a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation and any related proceedings before the United States Patent and Trademark Office (e.g., inter partes review) concerning U.S. Patent No. 7,604,816, subject to the restrictions of this Order such as the restrictions on disclosure.

b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following:

(i) a party's outside counsel of record, including necessary paralegal, secretarial, clerical, and litigation support personnel assisting such counsel and that are employed by such outside counsel's law firm;

(ii) a party's in-house counsel who executes a Non-Disclosure Agreement in the form of Appendix 1 to this Order;

(iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case and each of whom executes a Non-Disclosure Agreement in the form of Appendix 1 to this Order;

(iv) a stenographer and videographer recording testimony concerning the information;

(v) trial consultants, jury consultants (and mock jurors), graphics or design services consultants, photocopy, document imaging, technical, database consultants, and persons or entities that provide litigation support services retained by outside counsel for the case and to whom disclosure is reasonably necessary for this case and who have signed the Non-Disclosure Agreement in the form attached hereto as Appendix 1;

(vi) subject to the provisions of paragraph 4(d) of this Order, experts and their staff whom a party employs for purposes of this litigation only; and

(vii) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), (vi), and (vii).

d. A party may not disclose Confidential or Highly Confidential information to an expert pursuant to paragraph 4(b) or 4(c) of this Order until after the expert has signed a Non-Disclosure Agreement in the form of Appendix 1 to this Order. At least five (5) Court days before the first disclosure of Confidential or Highly Confidential information to an expert (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert, a copy of his or her curriculum vitae, and a copy of his or her executed Non-Disclosure Agreement. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert), it must serve the party proposing to make the disclosure with a written objection within five (5) Court days after service of the identification. Unless the parties resolve the dispute within five (5) Court days after service of the objection, the producer must move the Court promptly for a ruling, and the

Confidential or Highly Confidential information may not be disclosed to the expert without the Court's approval.

e. Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product immunity doctrine shall be handled in accordance with Federal Rule of Evidence 502.

6. <u>Filing with the Court</u>:

a. A receiving party wishing to file a document containing Confidential or Highly Confidential information shall file the document under seal.

b. All documents submitted to the Court which have been designated as Confidential or Highly Confidential, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court and/or the local rules for such filings.

7. <u>Document Disposal</u>: Not later than 120 days after conclusion of this case and all appeals, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or

Highly Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. However, there is no duty to return, delete, or destroy information or documents stored on backup media maintained in the ordinary course of business (such as firm- or company-wide daily backup tapes). Notwithstanding the requirements of this paragraph, a party's outside counsel may retain attorney work product, including internal emails, memoranda, and document indices, as well as one complete set of all documents filed with the Court, written discovery responses, transcripts and exhibits, and expert reports and exhibits, remaining subject to all requirements of this Order.

8. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this case. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten (10) days after a written request.

9. <u>Survival of obligations</u>: This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

**IT IS SO ORDERED**

DATED: 6/12/2017                /s/ George A. O'Toole, Jr.
                                                                United States District Judge
                                                                George A. O'Toole, Jr.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RESORBA MEDICAL GmbH,<br><br>Plaintiff,<br><br>v.<br><br>ORGANOGENESIS, INC.,<br><br>Defendant. | Case No. 1:16-cv-12173-GAO<br><br>U.S. District Judge George A. O'Toole, Jr. |

## NON-DISCLOSURE AGREEMENT

I, _____, state the following under penalties of perjury as provided by law:

I understand that I may be receiving confidential information that is covered by the Court's Stipulated Protective Order in this case. I have read the Court's Stipulated Protective Order and understand that confidential information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Stipulated Protective Order. I agree to use the confidential information solely for purposes of this case. I understand that neither the confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Stipulated Protective Order. I agree to return the confidential information and any notes concerning that information or to destroy the information and any notes upon request.

I submit to the jurisdiction of the Court that issued the Stipulated Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court for purposes of enforcing that Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(signature)

_____
(date)